NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAY MCINTIRE, JR., *Petitioner*.

No. 1 CA-CR 15-0297 PRPC
FILED 3-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-016750-001
The Honorable Warren J. Granville, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Ray McIntire, Jr., Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　A jury found petitioner Ray McIntire, Jr. guilty of four counts of child abuse and sentenced him to an aggregate term of 25 years' imprisonment. McIntire petitions this court for review from the dismissal of his successive petition for post-conviction relief. This court affirmed the convictions and sentences on direct appeal. *State v. McIntire*, 1 CA-CR 07-0668, 2008 WL 5149092 (Ariz. App. Dec. 9, 2008) (mem. decision).

**¶2**　　　　In a previous post-conviction relief proceeding, McIntire claimed that he was denied effective representation. The superior court denied McIntire's petition and McIntire did not seek review of the court's order with this court. In this latest proceeding, McIntire again alleges ineffective assistance of counsel at his trial, sentencing, direct appeal, and post-conviction counsel. McIntire claims each attorney failed to argue that his sentence was illegally enhanced as a dangerous crime against children. He further asserts that his conviction and sentence violate the prohibition against double jeopardy. This court affirmed the convictions and sentences on appeal. Any claim that could have been raised on direct appeal regarding his sentence is precluded. Ariz. R. Crim. P. 32.2(a). Finally, any claim a defendant raised, or could have raised, in an earlier post-conviction relief proceeding is precluded. *Id.* The issues presented are defaulted.

**¶3**　　　　We grant review but deny relief.

